AUDREY STRAUSS
United States Attorney for the
Southern District of New York
By: ALLISON M. ROVNER
Assistant United States Attorney
86 Chambers Street, 3rd Floor
New York, New York 10007
Tel.: (212) 637-2691
Fax: (212) 637-2750
Email: allison.rovner@usdoj.gov

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| FIRST LOOK INSTITUTE, INC., and TRAVIS MANNON, <br><br> Plaintiffs, <br><br> -v- <br><br> U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT, <br><br> Defendant. | 21 Civ. 7052 (AT) <br><br> **ANSWER** |

Defendant the U.S. Immigration and Customs Enforcement ("ICE" or "Defendant"), by its

attorney, Audrey Strauss, United States Attorney for the Southern District of New York, hereby

answers the Complaint under the Freedom of Information Act ("FOIA") of Plaintiffs First Look

Institute, Inc. and Travis Mannon upon information and belief as follows:

1.  Paragraph 1 consists of Plaintiffs' characterization of this action to which no response

is required.

2.  The first sentence of Paragraph 2 consists of Plaintiffs' characterization of this action

to which no response is required.  Admits that on January 14, 2020, ICE received a FOIA request

from Plaintiffs, along with a privacy waiver signed by Mr. Ajay Kumar.  Admits that on February

24, 2020, ICE issued a response informing Plaintiffs that the search did not uncover any responsive

records and referring Plaintiffs to contact the detention facility directly.  Admits that the ICE Enforcement and Removal Operations ("ERO") El Paso field office did not search for the records from the El Paso Service Processing Center ("SPC") in response to Plaintiffs' initial FOIA request. Admits that ICE owns and operates the El Paso SPC. Admits that the FOIA webpage of the ICE El Paso SPC directs that FOIA requests be submitted to the ICE FOIA office located in Washington D.C.  The remainder of Paragraph 2 constitutes Plaintiffs' legal conclusions to which no response is required.  To the extent a response is required, denies.

3.   Admits that, on appeal, ICE remanded Plaintiffs' FOIA request for additional searches and notified Plaintiffs of this adjudication in a letter dated April 20, 2020; denies Plaintiffs' characterization of the letter and respectfully refers the Court to the letter for a complete and accurate description of its contents.  Admits that ICE has not provided Plaintiffs with records responsive to the FOIA request as of the date of the filing of Plaintiffs' Complaint.  Denies knowledge or information sufficient to form a belief as to the truth of the allegations relating to Plaintiffs' communications with the Office of Government Information Services ("OGIS").  The remainder of Paragraph 3 constitutes Plaintiffs' legal conclusions to which no response is required. To the extent a response is required, denies.

4.   Paragraph 4 constitutes Plaintiffs' legal characterization to which no response is required.  To the extent a response is required, denies Plaintiffs' characterization and respectfully refers the Court to the cited sources for a complete and accurate description of their contents.

5.   Paragraph 5 constitutes Plaintiffs' legal characterization to which no response is required.  To the extent a response is required, denies Plaintiff's characterization.

6.   Admits that a video responsive to Plaintiffs' FOIA request exists and that ICE has now located it.  The remainder of Paragraph 6 constitutes Plaintiffs' characterization of ICE's 2011

Performance-Based National Detention Standards ("2011 PBNDS") and Mr. Kumar's transcribed court testimony as to which no response is required; respectfully refers the Court to these documents for a complete and accurate description of their contents.

7.   Paragraph 7 constitutes Plaintiffs' legal characterization to which no response is required.

8.   Paragraph 8 constitutes Plaintiffs' legal conclusion and characterization to which no response is required.  To the extent a response is required, denies.

9.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9.

10. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10.

11. Admits.

12. Paragraph 12 constitutes Plaintiffs' statement of jurisdiction to which no response is required.

13. Paragraph 13 constitutes Plaintiffs' statement of venue to which no response is required.

14. Paragraph 14 constitutes Plaintiffs' legal conclusion to which no response is required.

15. Paragraph 15 constitutes Plaintiffs' legal characterization to which no response is required.

16. Paragraph 16 constitutes Plaintiffs' characterization of the law and itself to which no response is required.

17. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 17.

18. Admits.

19. Admits.

20. Admits.

21. Paragraph 21 constitutes Plaintiffs' legal characterization to which no response is required.

22. Admits.

23. Admits.

24. Admits.

25. Admits.

26. Admits.

27. Admits.

28. Admits that ICE assigned tracking number 2020-ICAP-00265 to the administrative appeal that Plaintiffs submitted.   The remainder of Paragraph 28 constitutes Plaintiffs' characterization of the appeal to which no response is required; respectfully refers the Court to the appeal for a complete and accurate description of its contents.

29. Admits.

30. Admits that ICE has not provided Plaintiffs with the records responsive to the FOIA request as of the date of the filing of Plaintiffs' Complaint.

31. Paragraph 31 constitutes Plaintiffs' legal conclusion to which no response is required. To the extent a response is required, denies.

32. Paragraph 32 constitutes Plaintiffs' legal conclusion to which no response is required. To the extent a response is required, denies.

33. Paragraph 33 constitutes Plaintiffs' characterization of the 2011 PBNDS to which no

response is required; respectfully refers the Court to the 2011 PBNDS for a complete and accurate description of its contents.

34. Paragraph 34 constitutes Plaintiffs' legal conclusion to which no response is required.

35. Paragraph 35 constitutes Plaintiffs' legal conclusion to which no response is required. Avers that ICE was required to audio-visually record when the feeding tube was first inserted and the first instance of a non-citizen's force-feeding.

36. To the extent that this allegation refers to Mr. Kumar's court testimony, Paragraph 36 constitutes Plaintiffs' characterization of Mr. Kumar's testimony to which no response is required; respectfully refers the Court to the testimony for a complete and accurate description of its contents.

37.  To the extent that this allegation refers to Mr. Kumar's court testimony, Paragraph 37 constitutes Plaintiffs' characterization of Mr. Kumar's testimony to which no response is required; respectfully refers the Court to the testimony for a complete and accurate description of its contents.   The remainder of Paragraph 37 constitutes Plaintiffs' legal conclusion and characterization to which no response is required.

38. Paragraph 38 constitutes Plaintiffs' legal conclusion and characterization to which no response is required.

39. Denies Plaintiffs' characterization, although admits that ICE has now located a responsive video.

40. Paragraph 40 constitutes Plaintiffs' legal conclusion to which no response is required. To the extent a response is required, denies.

41. Paragraph 41 constitutes Plaintiffs' characterization of the PBNDS and ICE's February 24, 2020, FOIA response to which no response is required; respectfully refers the Court to these

documents for a complete and accurate description of their contents.

42. Paragraph 42 constitutes Plaintiffs' legal conclusions and characterizations to which no response is required.  To the extent a response is required, denies.

43. Paragraph 43 constitutes Plaintiffs' legal conclusion to which no response is required.

44. Paragraph 44 constitutes Plaintiffs' legal conclusion and characterization to which no response is required.  To the extent a response is required, denies.

45.  Paragraph 45 constitutes Plaintiffs' legal conclusion and characterization to which no response is required.  To the extent a response is required, denies.

46. Denies knowledge or information sufficient to form a belief as to the truth of allegations regarding whether OGIS responded to Plaintiffs' request for mediation.

47. Paragraph 47 constitutes Plaintiffs' characterization of an email attached to the complaint to which no response is required; respectfully refers the Court to the email for a complete and accurate description of its contents.

48. Denies knowledge or information sufficient to form a belief as to the truth of allegations regarding whether OGIS responded to Plaintiffs' request for mediation or regarding Plaintiffs' follow-up attempts.

49. Denies knowledge or information sufficient to form a belief as to the truth of allegations regarding whether OGIS responded to Plaintiffs' request for mediation or regarding Plaintiffs' follow-up attempts.

50. ICE incorporates by reference its responses to Paragraphs 1 through 49.

51. Admits that ICE is subject to FOIA.  The remainder of Paragraph 51 constitutes Plaintiffs' legal conclusion to which no response is required.

52. Paragraph 52 constitutes Plaintiffs' legal conclusion to which no response is required.

To the extent a response is required, denies.

53. The last unnumbered paragraphs of Plaintiffs' complaint constitute Plaintiffs' request for relief to which no response is required.  To the extent a response is required, denies that Plaintiffs are entitled to the relief they seek or to any relief whatsoever.

### DEFENSES

Any allegations not specifically admitted, denied, or otherwise responded to are hereby denied.  In further response to the Complaint, ICE avers as follows:

### FIRST DEFENSE

Plaintiffs have failed to state a claim upon which relief may be granted.

### SECOND DEFENSE

Plaintiffs are not entitled to compel the production of records protected from disclosure by any applicable FOIA exemption, *see* 5 U.S.C. § 552(b).

### THIRD DEFENSE

The Court lacks subject matter jurisdiction over Plaintiffs' requests for relief that exceed the relief authorized under FOIA, 5 U.S.C. § 552.

### FOURTH DEFENSE

Plaintiffs are not entitled to attorneys' fees or costs.

### FIFTH DEFENSE

ICE is exercising due diligence in processing Plaintiffs' FOIA request, and exceptional circumstances exist that necessitate additional time to process the request.

\*       \*       \*

ICE may have additional defenses that are presently unknown but may be ascertained at a later time. Defendant reserves the right to assert each and every affirmative or other defense that

may be available, including any defenses available pursuant to Federal Rules of Civil Procedure 8 and 12.

WHEREFORE, Defendant respectfully requests that the Court: (1) dismiss the Complaint with prejudice; (2) enter judgment in favor of Defendant; and (3) grant such further relief as the Court deems just and proper.

Dated:  New York, New York
       October 7, 2021

Respectfully submitted,

AUDREY STRAUSS
United States Attorney for the
Southern District of New York
*Attorney for Defendant*

By:   <u>/s/ Allison M. Rovner</u>
    ALLISON M. ROVNER
    Assistant United States Attorney
    86 Chambers Street, 3rd Floor
    New York, New York 10007
    Tel.: (212) 637-2691
    Fax: (212) 637-2750
    Email: allison.rovner@usdoj.gov